## A. P. SWISHER V. GEORGE HANCOCK.

It is a rule of pleading that all instruments shall be construed most strongly against the party making the same.

Where the plaintiff claimed that three hundred bushels of corn was the only property he had, and insisted that it was exempt from forced sale because it was necessary for the " one year's provision" of his family, but failed to state of whom or of what that family consisted, the petition contained no such equity as entitled the party to an injunction, and it was rightly dissolved.   (Paschal's Dig., Arts. 3798, 3802a.)

APPEAL from Travis.   The case was tried before Hon. J. J. THORNTON, one of the district judges.

Swisher applied for an injunction against Hancock, and alleged that, on the 25th of April, 1867, he had caused an execution to be levied upon three hundred bushels of corn, the property of the petitioner; that the petitioner was a poor man, and the corn is all he has in the way of provisions, and that it is altogether insufficient to furnish his family with bread and meat and such other articles of food as will be necessary for the comfort of said family during the year; that the petitioner is unable to pay the debt, and if the corn be sold the petitioner and his family must necessarily suffer for such provisions as are absolutely necessary for their comfort; wherefore he prayed for an injunction.

It was granted. The defendant moved to dissolve the injunction for want of equity on the face of the bill. The injunction was dissolved, and judgment rendered against the plaintiff and his securities for the debt and damages under the statute. (Paschal's Dig., Art. 3935.) The defendant appealed.

*Robards & Jackson*, for the appellants, insisted that as the statute allowed an exemption of "one year's provisions," (Paschal's Dig., Art. 3798,) they should not be subject to execution because all the food consisted of one article. As analogy they cited Paschal's Digest, articles 1304, 1305, and notes thereon. They also argued that the decision of the court, in effect, determined that all the corn was subject to forced sale, which was positively contrary to the statute.

*Hancock & West*, for appellees, argued that the "one year's provisions" exempted under our execution law (Paschal's Dig., Art. 3798) did not necessarily include as much as three hundred bushels of corn, and that the complainant ought to state a case which showed that such an amount of corn was exempt. They insisted, however, that the case was governed by the 135th chapter of the acts of the legislature, (General Laws, 160,) and that therefore the article of corn is no more exempt from forced sale than any other article not mentioned in the law. They also insisted that, even if the corn was exempt, the case was so imperfectly stated as to render it impossible for the court to see any equity in favor of the plaintiff.

MORRILL, C. J.—Plaintiff's petition states that defendant recovered a judgment against him for $72 50 and $4 costs, before a justice's court, in March, 1867; that in April, 1867, an execution issued thereon and came to the hands of the sheriff, who levied upon three hundred bushels of corn, the property of plaintiff, of the value of $150.

That plaintiff is a very poor man, and has a family dependant upon him for support; that the corn levied on is all he has in the way of provisions, and that it is altogether insufficient to furnish his family with bread, meat, and such other articles of food as will be necessary for the comfort of the family during the year. Petitioner requests that the sheriff and defendant be enjoined from further proceeding upon the judgment and execution.

Defendant requested the judge to dismiss the bill of injunction, because there are no equities apparent on the face of the same.

The court dismissed the bill, and the plaintiff appealed to this court.

It is a rule of pleading that all instruments shall be construed most strongly against the party making the same. The petition states that he has a family dependent upon him; but he does not state the number, ages, or sex, or condition of the members of the family. This family may consist of one person, or a greater number, and they may be of such ages as to furnish important aid and assistance, or be an incumbrance. If the cause had been submitted to a jury to say whether three hundred bushels of corn was more than sufficient to support a poor man and his family, the jury could not decide without knowing the number of the family, but this could not have been shown, because not alleged.

But plaintiff does not state that this corn will be consumed by his family as an article of food, but that this is altogether insufficient to furnish his family with bread, meat, and such other articles of food as will be necessary for the comfort of the family during the year. If the jury were called upon to say how much corn would be necessary to furnish a family with bread, meat, and other articles necessary for the comfort of a family, they would find the word "comfort" to be difficult of solution, in addition

to the word "family," to say nothing of certain or rather uncertain things called "other articles."

Again, the relief requested of the court is, not that the sheriff should be enjoined from selling the whole or more than a certain number of bushels of the corn, but that the sheriff and Hancock be enjoined from proceeding upon said judgment and execution. This the court has no power to do if the judgment be valid.

JUDGMENT AFFIRMED.